UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT McCARTHY,

            Petitioner,            Case No. 2:20-cv-12846
                                                    Hon. Arthur J. Tarnow

v.

JONATHAN HEMINGWAY,

            Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Robert McCarthy, ("Petitioner"), a prisoner currently incarcerated at the Federal Correctional Institution at Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his pro se application, Petitioner challenges a prison disciplinary decision that he violated prison rules after marijuana was found in a common area of the cell he shared with another inmate. Petitioner was sanctioned with the loss of 41 days of good conduct time, 90 days loss of e-mail and commissary privileges, and a $82.05 fine.

Petitioner asserts that there was insufficient evidence presented at the disciplinary hearing to justify the sanctions because: (1) his cellmate admitted that the marijuana belonged to him, and (2) the prison rule at issue

applies only to the knowing possession of contraband, and no evidence was presented showing that Petitioner personally knew about the marijuana. (Petition, ECF No. 1, PageID.14-20.)

For the reasons stated below, the petition will be denied.

## I. Background

Petitioner is incarcerated at FCI Milan as a result of his 2019 United States District Court for the Southern District of Indiana conviction of possession with intent to distribute 550 or more grams of methamphetamine in violation of 21 U.S.C. § 841. (Inmate Date Report, ECF No. 7-2, PageID.118-125.)

On October 20, 2019, a corrections officer who was conducting a random search of Petitioner's cell found a small plastic bag containing a substance that later tested positive for marijuana (Incident Report, ECF No. 7-3, PageID.126.) Petitioner told the officer that he "didn't know nothing about it." (Id.) The CO subsequently drafted a memorandum indicating that the marijuana was found "in the common area of the cell, sitting on top of the locker closest to the beds." (Memorandum, Id., PageID.128.) Petitioner's cellmate admitted that the marijuana belonged to him. (Id., PageID.127.) Based on the seriousness of the charge, the incident report was referred for

a disciplinary hearing on a charge of offense code 113 - possession of narcotics. (Incident Report, Id., PageID.134.)

Petitioner was advised of his rights, provided a copy of the incident report, and when asked if he wanted to make a statement, Petitioner said, "It wasn't mine. I keep getting stuck with these bunkies. I'll make sure I check my room better." (Id., PageID.127.) Photos of the substance and test kit were collected for evidence. (Id., PageID.130-131.)

On October 22, 2019, Petitioner was provided with written notice of the disciplinary hearing. (Notice; ECF No. 7-4, PageID.132.) Petitioner indicated that he did not wish to have a staff representative or witnesses. (Id.) Petitioner was also proved a written copy of his disciplinary hearing rights. (Inmate Rights Form, ECF No. 7-5, PageID.133.)

A disciplinary hearing was held by a Disciplinary Hearings Officer (DHO) on October 31, 2019. Petitioner responded to the incident report by stating that he just arrived at the facility 40 days previously, and that he did not know anything about the marijuana found in his cell. The DHO stated that it considered the account in the incident report, the memorandum written by staff, Petitioner's statements, and the photos and test results. (Discipline Hearing Officer Report, ECF No. 7-6, PageID.134-136.)

The DHO made the following findings:

> In deciding this case, the DHO considered your denial of being aware of the substance that tested positive for marijuana. Per policy, all inmates are responsible for any contraband found in their assigned living quarters. In this case the marijuana was found on the top of a locker inside the cell, therefore making all inmates assigned to that cell responsible. Based on the greater weight of the evidence, the greater weight being the report, memorandums, photos, and your statements, you are found to have committed the prohibited act. You were found to be in possession of marijuana, Code 113.

(Id., PageID.135.)

The DHO sanctioned Petitioner with 41 days disallowance of good conduct time, 90 days e-mail and commissary restriction, and a $82.05 monetary fine. (Id.)

Petitioner appealed to the North Central Regional Office. (Regional Office Appeal, ECF No. 7-7, PageID.138-139.) He claimed that no evidence was presented to establish his knowledge of the marijuana. (Id., PageID.139.) He also claimed that similarly situated inmates were found not to be responsible for contraband found in common areas of their cells. (Id, PageID.142.)

The Regional Office denied the appeal, finding "all inmates are responsible to ensure their assigned living quarters are free of contraband. In the event of one inmate claiming ownership, the credibility of the inmate must be corroborated with evidence, in addition to their admission. There

was no corroborating evidence available in this case." (Regional Office Decision, Id., PageID.140.)

Petitioner appealed to the Central Office for Inmate Appeals, claiming that the DHO refused to consider the fact that "the drug was found in a common area of the cell and another inmate took responsibility for it." (Adm. Remedy Report, ECF No. 7-7, PageID.137.) The appeal was denied on the grounds that the Inmate Discipline Program section 5270.09 required inmates to keep their cell free of contraband. (Id.) The Central Office explained, "[t]he fact that you claim a cellmate took responsibility for the contraband found does not mitigate your responsibility, prove that you were unaware of its presence, or that you did not have access to all of the items found." (Id., PageID.114.)

## II. Discussion

A prisoner is afforded the following due process rights at a disciplinary proceeding: (1) written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) a written statement by the fact finders about the evidence relied on and the reasons for the disciplinary action; (3) presentation of witnesses and documentary evidence in defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is

5

illiterate or when the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-566 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1262-63 (6th Cir. 1986).

Petitioner does not assert that he received insufficient notice or insufficient findings. Rather, Petitioner's claim is that insufficient evidence was presented at the disciplinary hearing to sustain the charge. He asserts that the marijuana was found on top of his cellmate's locker, that his cellmate claimed ownership, that Petitioner did not know it was there, and that he knows of similarly situated inmates who were not held responsible for contraband found in common areas of their cells.

In the context of prison disciplinary proceedings, due process requires only that "some evidence supports the decision . . . to revoke good time credits." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). It "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. "Some evidence" is a lenient standard; the relevant question is whether any evidence in the record could support the disciplinary board's conclusion. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The evidence before the hearing officer indicated that marijuana was found in a common area of the cell Petitioner shared with his cellmate. Despite the fact that Petitioner's cellmate claimed ownership, under BOP

rules all the occupants of a cell have a duty under prison rules to keep the entire cell free of contraband. See Bureau of Prisons, Program Statement 5270.09 Appendix C, ¶ 4. The presence of the marijuana on top of a locker, a common area of the cell accessible by both inmates, in itself constitutes *some* evidence that Petitioner had constructive possession of the contraband.

Courts "have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell . . . ." *Denny v. Schultz*, 708 F.3d 140, 145-47 (3d Cir. 2013); see also *Flowers v. Anderson*, 661 F.3d 977, 980-81 (8th Cir. 2011) (relying on collective responsibility theory whereby each inmate was collectively culpable for two homemade weapons found in shared eight-man cell); *Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992) (discussing how probabilities based upon inmate access to contraband may satisfy the "some evidence" standard); *Rojas-Parra v. Warden, FCI Bennettsville*, 2014 WL 2548352, at *2 (D.S.C. June 6, 2014) (determining that "some evidence" supported a constructive possession conviction where the record contained evidence that a prison guard discovered contraband in Petitioner's cell, which Petitioner shared with only one other inmate).

The fact that Petitioner's cellmate claimed that the contraband was his did not preclude the DHO from concluding that some evidence existed that Petitioner also had constructive possession of the marijuana. While both the cellmate and Petitioner denied that Petitioner knew of the marijuana, the DHO was not bound to believe them. See, e.g., *Flannagan v. Tamez*, 368 F. App'x. 586, 588, n. 5 (5th Cir. 2010) ("[E]ven if we were to adopt the factual finding that one of the other five inmates placed the contraband in the wall next to his bunk bed, that would not preclude the DHO's finding of constructive possession, since [petitioner] would still have 'dominion[] or control over the . . . the premises in which the contraband is located.'").

The "record [was] not so devoid of evidence" that revocation of good-time credits was "without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. Petitioner's due process rights were not violated by the administrative sanctions imposed by the BOP. His habeas petition will therefore be denied.

### III. Conclusion

Based upon the foregoing, the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or

*McCarthy v. Hemmingway*, Case No. 20-12846

with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

    **SO ORDERED.**

                                            s/Arthur J. Tarnow
                                            Hon. Arthur J. Tarnow
                                            United States District Judge

Dated: March 11, 2021